United States v. Brown, 24-362. Good morning, Your Honors. My name is Joe Ryan. I'm CJA lawyer for Davion Brown. It's a pleasure to see you. 100 years ago, 100 years ago, Justice Oliver Wendell Holmes articulated the exclusionary rule that's applicable in this case. In the Silverthorne case at 251 U.S. 385, the judge said, the essence of a provision forbidding the acquisition of evidence in a certain way is not merely evidence so acquired shall not be used before the court, but it should not be used at all. Judge Raji, last year in 2023, detailed in the Lawyer Decision, which we cited in our briefs, this same concept and remanded that case because the misstatements were not clearly deliberate or the product of a good faith mistake, but that's not this case. We're not asking for a Frank's Hearing anymore because based upon this record, Your Honors can find conclusively without any doubt that the government deliberately fabricated for the four magistrates that they could not locate Mr. Brown in his home at 31 Walnut Road, Amityville for three weeks while they gathered all of this information from cell towers. They knew from their own records of his arrest and prior prosecutions that he lived at 31 Walnut Road. They knew. Well, didn't they tell that to the magistrate judge in the very first application that that was his residence? They did. Okay, so help me out with what's the falsity here? The falsity is that they could not locate him and they needed cell tower evidence. Did they say that, that they couldn't locate him? Yes. They said, excuse me, Mr. Ryan, they said that getting this information would assist in the location. They said they could not locate him. Reading clearly in the search warrants judge in the appendix, they could not locate him without the benefit of the CSLI warrants. Well, let me ask you this, I mean, the search warrant requirement is demonstrating probable cause. You don't have to show that it's the least restrictive means of finding the person or getting the information, that's the title three requirement, so I'm a little perplexed here. There's no doubt that getting this information would tell them when he was most likely to actually be in the premises. And that's relevant. They were falsely representing that they could locate him. Because even when they got, after the first warrant, they got 880 hits from cell towers that said he's not evading arrest. He's here in Amityville. And when they went before Magistrate Shield, the fourth magistrate, they tell the magistrate that Mr. Brown is evading arrest. And the whole theme of this can't locate him was that Mr. Brown was evading arrest. That's what they told the magistrate at the bail hearing. So there is no room here. What does the government say here? They say, well, we shouldn't be stuck from locating him without these cell tower sites. We shouldn't be stuck with his address. It's a matter of record. He was born in this house. We shouldn't be stuck with the cell phone records where his mother and his sister promised to pay him his cell phone bills. We shouldn't be stuck with that? I mean, it's absurd. I mean, in the brief, in footnote eight, the government says, we're all, our thinking is flawed. Why? Because it was ambiguous that he was at 33 Walnut Road according to the mother and the sister that promised to pay his bills, and that the agents had the right to assume that because he was a violent, dangerous 24 year old, he wouldn't be in this house. These are the reasons given. Why you should not consider this deliberate? And why you should not consider exercising your powers under the exclusive every rule? Judge, I'm going to reserve my time for rebuttal. Thank you very much. Thank you very much. We'll hear from the government. Good morning, your honors. May it please the court. My name is Bradley King and I represent the United States in this appeal. The judgment of the district court should be affirmed in all respects. The defendant is seeking to suppress the fruits of a validly issued search warrant for his cellular telephone that was predicated upon detailed facts demonstrating probable cause to search that phone for evidence of violent crimes and drug trafficking that was wholly unrelated to the equally valid and probable cause supported cell site location warrants that the defendant is complaining about. Here the standard is very clear. The standard for issuing a warrant for cell site location information as it relates to this case was whether or not there was probable cause to believe that cellular telephone information would assist and aid in the apprehension of a person who was to be arrested. This defendant is very different than the defendant in Lauria. This is not a cell site warrant, neither of these cell site warrants are cell site warrants for evidence of a crime. These are warrants to assist and aid in the apprehension of a person to be arrested. This defendant was validly indicted by a duly constituted grand jury, which found probable cause to believe that he engaged in a violent gang related shooting, that he was a member of a violent gang, and that he was a drug trafficker. But as I understand Mr. Ryan's argument, I'm looking now at page A71 of the affidavit of Brian Ballentine. And toward the bottom of the page, the representation is made that despite having access to the first warrant's information, law enforcement has been unable to apprehend Brown pursuant to the court's warrant. He says that is not true. What's your response to that assertion of falsity? The response is the following, it is not false. First of all, as detailed in special agent or task force officer Ballentine's affidavit, the ping information is not specific in the way that the defendant suggested. I understand that, and I've read the preceding sentences that say that. But even if it's not specific, it might have allowed you to apprehend him. And this one says you've been unable to apprehend him. Mr. Ryan says that's false. That was the state of affairs at the time that the search warrant was applied for. There had been an effort to surveil the defendant, and it was unsuccessful. And that surveillance was based upon the cell site evidence that was obtained based upon the April 17th warrant. All right, now to the extent that's not disclosed in the warrant, where do we look for the fact that that's what's established? I mean, as I understand it, the defense is not looking for a hearing, but where's the evidence to that effect? In this record? I think the first point is that the evidence in the record is that you can infer that because he wasn't always in Amityville. He wasn't always at a particular location in Amityville. At times, he was in Farmingdale. Well, but that's also consistent with there having been no surveillance. Yes, but I think a fair reading of the law enforcement officer's affidavit is that there was an effort made. And in fact, there was an effort made to find him and locate him. See, I thought your argument was that this is immaterial because you don't have to show that to get a warrant, whatever you have to show to get Title III, but that doesn't seem to be what you're arguing. No, Your Honor. I am arguing that. And I'm trying to respond to the court's question regarding where you could find that in the affidavit, but Your Honor is entirely correct. There is no necessity standard to obtain a cell site location warrant. The question is whether or not there's probable cause to believe that this cell site information would aid in the apprehension of a wanted person. That is amply made out in that affidavit. The sentence that Your Honor mentioned could be wholly extracted from the affidavit, and still, it would have made the probable cause stand. And the reason for that is very unlike Loria. There was ample probable cause showing that this particular cellular telephone was linked to this particular defendant. He was the subscriber. His mother and sister were the billing parties. He had made a telephone call where he identified himself as a disabled motorist using the phone. He had listed the phone on a civil service application. So, based on those facts, you could extract the sentence that the defendant is attempting to hang his hat on. And still, the magistrate should have issued that warrant. And in this case, the fact that the defendant recognizes that his last known address was the residence in Amityville also supports the fact that this phone would have been recovered either way. Even if the warrants that he complains about were not issued, the arrest warrant that was based upon the indictment gave the officer's authority to enter his last known address and to arrest him. And once they entered it, as he concedes on page ten of his brief, it was inevitable that his cell phone would be there. And once the- Yes. And then we don't have to deal with these issues of materiality, we don't have to deal with any of these issues if we agree with this argument. Absolutely not, Your Honor, and it's an argument that certainly could carry the day here. And the reason is that in this case, you had an indictment, you had an arrest warrant. At that point, if the officers had elected to and they deemed it appropriate, they could have gone to the Amityville residence and effectuated the arrest inside the location. Where, as the defendant concedes in his brief on page ten, his cell phones would have inevitably been. And what's important about that, Your Honors, is that what the defendant is suggesting is that immediately upon obtaining an arrest warrant for a violent drug trafficker, agents are required to go to his last known address and immediately effectuate an arrest. And that's a very dangerous proposition, because of course, as is obvious, there needs to be a plan in place to make sure that that sort of operation goes off successfully. Particularly, whereas here, this defendant had been charged with not only being a member of a violent street gang, but attempting a murder to raise his position in the gang, had a record while he was incarcerated of violent activity. This operation needed to be planned appropriately. And so the idea that someone should just go, that law enforcement officer should just go and immediately execute a warrant at a last known address without the aid of technological advances, it is nonsensical. And there was no gamesmanship here. The defendant in his reply brief is suggesting that the reason that there was a delay in arresting the defendant was to gain evidence of his whereabouts at a location in Bayshore, New York two years ago. It's absolutely untrue. It doesn't make any sense. That wasn't what was going on at all. The effort was to, as appropriate, determine exactly where the defendant was, craft an operation that would successfully apprehend him safely, and that's exactly what was done here. And what's critical, too, your honors, is that the defendant is seeking to suppress evidence from the cell phone. And he talks about evidence about apprehension efforts. There were no evidence of apprehension efforts put before the judge who authorized the search of the cellular telephone, no. Instead, what was explained to that magistrate was, this defendant was indicted, he was arrested, he had a cell phone nearby him. That cell phone had a very unique picture on it that linked up to a Facebook page where the defendant had been posting gang iconography. There was evidence that this defendant had not just communicated with a member of the gang, but with a leader of the gang via electronic means. All of that was set out, none of it relies upon any surveillance efforts or efforts to detain the defendant. And that was all before a third neutral and detached magistrate. So against this backdrop, what the defendant is complaining about is efforts to repeatedly go before magistrates to repeatedly lay out facts. And there's no basis to suppress a validly issued search warrant for a cellular device where the facts that undergirded the probable cause finding had nothing whatsoever to do with what the defendant is complaining about. And so, for those reasons, your honor, the government submits that the judgment should be affirmed in all respects. Thank you very much. Mr. Wiley. I make this statement without qualification. The government could not have gotten a search warrant because they couldn't prove to a magistrate that this cell phone was used to participate in this shooting episode. Or that this cell phone was used to participate in these drug trafficking episodes. How is that relevant where they had an arrest warrant already? I mean, so his involvement in the crime is supported by the arrest warrant. That's exactly why they went by indictment. They went by indictment. They started with an indictment to let the magistrate think that there's probable cause here to believe that the cell phone's being used when it wasn't. This was the camouflage. This was the cover to show, to give the impression that this grand jury indictment found that he's using a cell phone. That's the impression that we created. So the government points out that in your brief you acknowledge that inevitably this would have happened. The cell phone would have been found. He would have been arrested. What is your response to that? I don't know what your experience is, but I'm looking for my cell phone every day. Yeah. I mean, whether the cell phone's on a person at the time of arrest is speculative. I know there's probabilities of it, but it's speculative. And in this case, if you held that the seizure of the cell phone pursuant to the incident, to the arrest, then you would endorse all the false statements they were making to four magistrates that he was evading arrest and that he was, they were unable to locate him. That would undercut the exclusionary rule. But the whole structure of why this was created, by indictment as opposed to a straight application to a magistrate, a straight application to a magistrate could not demonstrate that that cell phone was used to commit the shooting episode and the drug deals under investigation. I repeat, if they went without an indictment, they could not have demonstrated to a magistrate that the cell phone was used to commit the shooting episode or connect them to the shooting episode or the drug trafficking. In fact, in the last affidavit, the agents that I relied on at Facebook exchanges- I'm just reading the warrants, and I'm not sure that the showing made to the magistrate was that the cell phone was used in these crimes, but rather that the cell phone would help them locate the defendant. That is correct. Okay, so let's put aside whether there was probable cause to search for the cell phone as an instrumentality of the crime. If you take out the sentence that you're objecting to, that they hadn't been able to apprehend him because you claim that's false. Are you saying there's not probable cause to locate the cell phone in order to help apprehend him? Yes. Let me question you on that, because there is no doubt. Is there that because of the high probability that people have the cell phones on their person or near their person, that knowing where the cell phone is is very probative of knowing where the person is? So isn't that probable cause? And they said that we had 880 hits to show that he was in the Amityville area. We still couldn't locate him. That's answer to falsity. I'm suggesting to you that the remedy usually for a false statement is you delete it from the warrant and you see if probable cause remains. If the purpose of the warrant is to help locate him, is there any question but that there's probable cause to think this cell's information will give them more precise- The answer is not if it's a false representation that we can't find them. And you're saying you don't delete the false representation, that that's how you assess probable cause? No, no, you have to use the exclusionary rule to prevent these lies from happening again. That's the role of this court. Okay. Thank you very much. Thank you very much, Mr. Ryan. Thank you both. We will reserve decision.